**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

       Plaintiff/Respondent,

v.                                                    CV No. 04-0072 MCA/WDS
                                                                  CR No. 02-1860 MCA

**YONI ORLANDO RIOS-ROMERO,**

       Defendant/Movant.

**MAGISTRATE JUDGE'S PROPOSED**
**FINDINGS AND RECOMMENDED DISPOSITION**[1]

       This is a proceeding on a Motion to Vacate or Reduce Sentence Pursuant to 28 U.S.C. §2255 and Memorandum in Support. On December 10, 2002, Petitioner Yoni Orlando Rios-Romero pled guilty to an indictment charging him with a violation of 8 U.S.C. §1326(a)(1) and (2), and 8 U.S.C. §1326(b)(2), that being Reentry of a Deported Alien Previously Convicted of an Aggravated Felony. On March 27, 2003, Petitioner was sentenced to 40 months imprisonment to be followed by three years of unsupervised release.

       In his §2255 petition, Petitioner alleges that he was denied effective assistance of counsel from his attorney. Specifically, Petitioner contends that his counsel failed to object to his criminal history category enhancement on past offenses.

---

[1] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

## BACKGROUND

On July 16, 2002, Petitioner was indicted in the District of New Mexico for violation of 8 U.S.C. §1326(a)(1) and (2), and 8 U.S.C. §1326(b)(2), that being Reentry of a Deported Alien Previously Convicted of an Aggravated Felony. On December 10, 2002, Petitioner pled guilty to the illegal reentry charge. The plea agreement stipulated that Petitioner would be sentenced to a stipulated Total Offense Level of 19. The Presentence Report (PSR), prepared by the United States Probation Office, reflected this agreement. PSR, p. 5. Petitioner's criminal history points were calculated to total 7, which established a criminal history category of IV. PSR, p. 6 - 7. The criminal history points were based on three California convictions. *Id.* The first was an October 27, 1995, conviction for Possession for Sale of Controlled Substance (Dkt#BA122986), for which Petitioner received two points. PSR, p. 6. The second was a July 31, 1997, conviction for Possession/Purchase of Cocaine Base for Sale (Dkt#154270), for which Petitioner received two points. PSR, p. 6 - 7. The third was a August 3, 1998, conviction for Possession for Sale of Controlled Substance (Dkt#172344), for which Petitioner received three points. PSR, p. 7.

Petitioner's counsel objected to paragraph 25 of the PSR wherein two points had been applied for the 1997 conviction (Dkt#154270) as Petitioner had been granted relief sought in a petition for habeas corpus. Addendum to PSR, p. 1. The United States agreed and Petitioner's criminal history score was amended to reflect a score of 5 and his criminal history category was amended downward from Category IV to Category III. *Id.* The Amended PSR report reflected these changes. Amended PSR, p. 5 - 7.

On March 27, 2003, Petitioner was sentenced to 40 months imprisonment to be followed by three years of unsupervised release.

## ANALYSIS OF CLAIMS

In this case, Petitioner alleges that his counsel provided ineffective assistance of counsel when he failed to object to his criminal history category. Petition, p. 6 - 7. Petitioner contends that both the 1995 California conviction (Dkt#122986) and the 1997 California conviction (Dkt#154270) were "dropped" and should not have been used to enhance his sentence. Petition, p. 7.

The two-prong test announced in *Strickland v. Washington*, 466 U.S. 668 (1984) governs ineffective assistance of counsel claims. *E.g., Mayes v. Gibson,* 210 F.3d 1284 (10th Cir. 2000). Petitioner must show both (1) that counsel's performance was deficient and (2) that this deficiency prejudiced his defense. *Strickland,* 466 U.S. at 687. An ineffective assistance of counsel claim fails if either of the *Strickland* prongs are not met. It is entirely appropriate for a habeas court to analyze the prejudice prong first and exclusively, if that is the easier course. *E.g. Scoggin v. Kaiser*, 186 F.3d 1203, 1207 (10th Cir. 1999).

Petitioner must first show that counsel's representation was "objectively unreasonable." *E.g. Clayton v. Gibson,* 199 F.3d 1162, 1177 (10th Cir. 1999). In doing so, he must overcome the strong presumption that counsel's conduct falls within the wide range of competence demanded of attorneys in criminal cases. *Gillette v Tansy*, 17 F.3d 308, 310 (10th Cir. 1994). This Court must consider all the circumstances, making every effort to "eliminate the distorting effects of hindsight," and to "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. To be constitutionally ineffective, counsel's conduct "must have been completely unreasonable, not merely wrong." *Moore v. Gibson,* 195 F.3d 1152, 1178 (10th Cir. 1999).

Petitioner must also demonstrate that he was prejudiced as a result of his counsel's deficient performance. To demonstrate prejudice, Petitioner must show that there is a reasonable probability

that, but for counsel's errors "he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 559 (1985). A petitioner's mere assertion that he would have opted for trial is not enough to satisfy the prejudice prong.

Under the first prong of the *Strickland* test, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Specifically, Petitioner must show that it was unreasonable for his counsel not to object to the enhancement of his criminal history category with the 1995 and 1997 convictions. In order to make this determination, this Court must first ascertain whether Petitioner raises a meritorious issue regarding the two convictions. If Petitioner's claim has some merit (i.e., if the convictions were actually overturned), then we must determine whether Petitioner's counsel was deficient in not raising said claims. However, if Petitioner's claim has no merit then his counsel could not have been ineffective in failing to raise a claim that was non-meritorious. *Foster v. Ward*, 182 F.3d 1177 (10th Cir. 1999).

Respondent has conceded that the 1997 conviction should not be part of Petitioner's criminal history points, nor was it included in the calculation of Petitioner's criminal history points in the Amended PSR. Amended PSR, p. 5 - 7. Petitioner's sentence of 40 months imprisonment was based on a Category III criminal history which reflect a criminal history score of five. Accordingly, Petitioner's claim that his counsel was ineffective when counsel failed to advise the District Court that the 1997 conviction had been dismissed is without merit and cannot be part of the basis for an ineffective assistance of counsel claim.

As for the 1995 conviction, Petitioner did not provide any specific information to this Court regarding the alleged dismissal of this conviction. Respondent carefully set forth the process of how Petitioner's criminal history points were calculated and Petitioner has failed to make any showing of

error in that calculation. As such, Petitioner's argument that his counsel was ineffective when counsel failed to advise the District Court that the 1995 conviction had been dismissed is, likewise, without merit and cannot be part of the basis for an ineffective assistance of counsel claim.

As to Petitioner's request for an evidentiary hearing, such request will be denied. As set forth above, Petitioner's claim that his counsel was ineffective is without merit. Accordingly, an evidentiary hearing is not required. 28 U.S.C. 2255; *U.S. v. Marr*, 856 F.2d 147 (10th Cir. 1988).

## CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's Petitioner Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody be DENIED, and that this cause be dismissed with prejudice.

 

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**